**Opinion filed November 5, 2009**



# In The

# 𝔈𝔩𝔢𝔳𝔢𝔫𝔱𝔥 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔄𝔭𝔭𝔢𝔞𝔩𝔰

_____

## No. 11-08-00125-CR

_____

## JAMI LINN SPENCLEY, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**

**Comanche County, Texas**

**Trial Court Cause No. CCCR-07-03014**

## M E M O R A N D U M   O P I N I O N

The jury convicted Jami Linn Spencley of possession of methamphetamine in the amount of less than one gram. The trial court sentenced Spencley to eighteen months confinement, probated for five years, and assessed a fine of $1,500. We affirm.

### Background Facts

Spencley borrowed her stepfather's pickup because her vehicle needed repairs. She had been in possession of the pickup for one and one-half hours when Officer Ben Rowell pulled her over for not having an operational license plate light. Officer Rowell observed Spencley acting "nervous[ly]"

while he dispatched her information in order to give her a warning ticket. He asked and she consented to a search of the vehicle. Officer Rowell seized a glass pipe with residue in it. He also seized a clear plastic bag with white powder residue in it; he had found the bag inside a zippered bank bag on the front passenger's seat. Officer Rowell suspected, and laboratory testing later confirmed, that the plastic bag contained a trace amount of methamphetamine.

*Legal & Factual Sufficiency*

Spencley complains that either no evidence or insufficient evidence supports the jury's verdict against her.

To determine if the evidence is legally sufficient, we must review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979); *Jackson v. State*, 17 S.W.3d 664 (Tex. Crim. App. 2000). To determine if the evidence is factually sufficient, we must review all the evidence in a neutral light and determine whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006).

The State was required to prove beyond a reasonable doubt that Spencley intentionally or knowingly possessed methamphetamine. TEX. HEALTH & SAFETY CODE ANN. § 481.115 (Vernon Supp. 2009). When the contraband is not found on the defendant's person or a place she exclusively possesses, it may still be affirmatively linked to her through independent facts and circumstances. *Brown v. State*, 911 S.W.2d 744, 745-48 (Tex. Crim. App. 1995). Affirmative links are circumstances, in addition to presence, that justify the conclusion that the defendant knowingly possessed the contraband. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). Circumstances that can link a defendant to contraband include the following: (1) that the defendant was present where the substance was found; (2) that the contraband was in plain view; (3) that the contraband was found in proximity to and was accessible to the defendant; (4) that the defendant was under the influence of the drugs; (5) that the defendant possessed other contraband; (6) that the defendant made incriminating statements; (7) that the defendant made an attempt to flee; (8) that the defendant made furtive gestures; (9) that there was an odor of contraband present; (10) that the

2

defendant owned or had a right of possession to the place where contraband was found; (11) that the drugs were found in an enclosed space; and (12) that the defendant had a large amount of cash. *Harris v. State*, 994 S.W.2d 927, 933 (Tex. App.—Waco 1999, pet. ref'd). The number of factors is not as important as the logical force or degree to which the factors connect the drugs to the defendant. *Bellard v. State*, 101 S.W.3d 594, 599 (Tex. App.—Waco 2003, pet. ref'd).

The State sufficiently connected Spencley to the methamphetamine. Spencley was in possession of the vehicle. Officer Rowell found the glass pipe a foot from the driver's seat and found the bag containing methamphetamine residue in the passenger's seat. Officer Rowell also observed Spencley's extreme nervousness during the traffic stop. After reviewing the evidence in the light most favorable to the verdict, a rational jury could find Spencley guilty of possession of methamphetamine beyond a reasonable doubt. Additionally, under a neutral review, the evidence was not so weak that it made the verdict manifestly unjust and clearly wrong nor was it against the great weight and preponderance of the evidence. Accordingly, we hold that the evidence is legally and factually sufficient to support Spencley's conviction. We overrule Spencley's two issues.

*Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


November 5, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

3